## No. 5826.

### SAMUEL SMITH & CO., IN LIQUIDATION, vs. NICHOLAS J. HOEY, LIQUIDATOR, ET AL.

It is impossible to perceive any right in plaintiffs to enjoin the execution of defendants' judgments. Plaintiffs were not and never had been the owners of the property seized. They were not even mortgage creditors, because they had caused the erasure of their mortgage. But if their mortgage remained upon the property, they would not have the right to enjoin the defendants from executing their judgments against the owner of said property, because the sale thereof could not injure them. There could be no adjudication unless the amount exceeded the amount of the conventional mortgage. If it did, the plaintiffs, in case their mortgage remained, could claim the amount due them by intervening, or it would remain in the hands of the purchaser subject to their mortgage. The sale was not a judicial sale; it was a voluntary one by the owner. It in no manner relieved the property of prior incumbrances.

APPEAL from the Sixth District Court, parish of Orleans.   *Saucier, J. Randolph, Singleton & Browne,* for plaintiffs and appellants.  *Breaux, Fenner & Hall,* for defendants and appellees.

WYLY, J.   Plaintiffs appeal from the judgment dissolving, with ten per cent damages, the injunction sued out by them to restrain the defendants from executing against the property described in the petition two certain judgments which they have against Miss Mary A. May, to wit; One rendered in favor of N. J. Hoey, liquidator, vs. Miss Mary A. May, for $838 17, and the other in favor of C. E. Girardey & Co. vs. Miss Mary A. May, for $942 90.

At the time the attachments were levied in these two suits the property in question belonged to Miss Mary A. May, and plaintiffs were her conventional mortgage creditors. Before the judgments, however, were rendered in these two attachment suits, Miss May concluded to sell the property in question at public auction; and in pursuance of the adjudication she conveyed by acts before a notary one part of the property to Charles Gallagher for $10,700, and another part thereof to Widow John Gauche for $27,500. Each of the notarial acts contained the following recital, viz: " By reference to a mortgage certificate  *  *  *  it will appear that said property is incumbered by no other mortgages than— First, the mortgage she granted in favor of Sam. Smith & Co.,  *  *  *

for $35,000; second, the general one in favor of N. J. Hoey, liquidator, resulting from the writ, etc., * * * third, the general one in favor of C. E. Girardey & Co., resulting from the writ, etc., * * * which incumbrances the said Miss May binds and obligates herself to cause to be canceled within the shortest possible delay, and in the meantime this act is accepted by said purchaser *subject thereto.*" The proceeds of the sale were applied by Miss May to the satisfaction of plaintiffs' mortgage; and on the same day the deed was executed plaintiffs caused their mortgage to be canceled and erased, although a balance remained due them on this mortgage debt.

We fail to perceive any right in plaintiffs to enjoin the execution of defendants' judgments. Plaintiffs were not and never had been the owners of the property seized. They were not even mortgage creditors, because they had caused the erasure of their mortgage. But if their mortgage remained upon the property, they would not have the right to enjoin the defendants from executing their judgments against Miss May, because the sale of the property in question could not injure them. There could be no adjudication unless the amount bid exceeded the amount of the conventional mortgage. If it did, the plaintiffs (in case their mortgage remained) could claim the amount due them by intervening, or it would remain in the hands of the purchaser, subject to their mortgage.

The sale by Miss May was not a judicial sale; it was merely a voluntary sale. It in no manner relieved the property of prior incumbrances.

Defendants have asked that the judgment of the court below be amended so as to increase the damages for the wrongful issuance of the injunction.

It is therefore ordered that the judgment herein be amended by increasing the damages from ten to twenty per cent on the amount enjoined, and, as amended, it is ordered that said judgment be affirmed with costs.

Rehearing refused.